IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERCK & CO., INC., | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-229 (GMS) |
| | ) | |
| RANBAXY INC., and RANBAXY | ) | |
| LABORATORIES LIMITED, | ) | |
| | ) | |
| Defendants and Counterclaim Plaintiffs. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Order of September 13, 2007, Plaintiff and Counterclaim-Defendant Merck & Co., Inc. ("Merck") and Defendants and Counterclaim-Plaintiffs Ranbaxy Inc. and Ranbaxy Laboratories Limited ("Ranbaxy") hereby file their Joint Status Report. The parties address the following agenda items the Court will take up at the scheduling conference on September 19, 2007:

**1.  Jurisdiction and Service.**

The parties agree that all parties are subject to the Court's personal jurisdiction and that all the parties have been served. The parties agree that the Court has subject matter jurisdiction here pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to 28 U.S.C. §§ 2201 and 2202.

**2.  Substance of the Action.**

Merck brought this suit for patent infringement and a declaratory judgment of patent infringement against Ranbaxy. Specifically, Merck contends that Ranbaxy has infringed Merck's U.S. Patent No. 5,147,868 by submitting an ANDA to the FDA seeking approval to market a generic version of Merck's PRIMAXIN® product containing imipenem and cilastatin ("Ranbaxy's ANDA product"). Merck further contends that Ranbaxy will infringe the '868

patent by making, using, selling or offering for sale its ANDA product in the United States or importing its ANDA product into the United States once its ANDA has been approved. Merck contends that Ranbaxy has infringed and will infringe the '868 patent because Ranbaxy's ANDA product contains cilastatin, which is covered by the '868 patent. Merck further contends that Ranbaxy willfully infringed the '868 patent by filing its ANDA with reckless disregard for Merck's patent rights.

Ranbaxy denies infringement and contends that the claims of the '868 patent are invalid and/or unenforceable. In response to the Complaint, Ranbaxy filed an Answer and Counterclaims, denying that it had infringed any claim of the '868 patent, and asserting by way of defenses and counterclaims that the '868 patent is invalid and unenforceable. In particular, Ranbaxy contends that the '868 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, as well as under the judicially-created doctrine of obviousness-type double patenting. Ranbaxy further asserted the defenses of estoppel, disclaimer of claim scope, and prosecution laches. In addition, Ranbaxy alleged that damages were barred under 35 U.S.C. § 287. Ranbaxy denied allegations of willful infringement.

Merck replied to Ranbaxy's Counterclaims, denying Ranbaxy's counterclaims of non-infringement, invalidity and unenforceability.

3.    **Identification of Issues.**

**Merck's Position:** The issues in the case include infringement, willfulness and exceptional case, validity of the '868 patent, and enforceability of the '868 patent.

### Ranbaxy's Position:

#### A.     Infringement

Ranbaxy believes its proposed imipenem/cilistatin products do not infringe any

claim of the '868 patent.  In particular, the '868 patent contains claims directed to various

chemical compounds, which Merck alleges cover the compound cilistatin and its sodium salt.

The prosecution history spanned more than 14 years on the face of the patent.  The pendency of

the '868 patent overlapped with various co-pending applications owned by Merck, including

those which claimed combinations of compounds covering the PRIMAXIN® active ingredients

– cilistatin sodium and imipenem.  U.S. Patent 4,539,208 ("the '208 patent") – now expired --

issued from one of those applications.  Thus, Ranbaxy contends that its combination products

practice the subject matter of an expired U.S patent.  Moreover, the specification of the '868

patent-in-suit states unequivocally that "[t]he combination product is not part of this invention,

but is claimed in a copending application …" [later issued as the '208 patent, *inter alia*].  Under

these circumstances, Merck expressly disclaimed any imipenem/cilistatin combination product

such as Ranbaxy's combination product.  Instead, such a combination product was "part of the

invention" of, *e.g.*, Merck's now-expired '208 patent.  For these reasons, Ranbaxy contends that

the claims of the '868 patent cannot be construed as encompassing the combination product and

that there is no literal infringement or infringement under the doctrine of equivalents as a result.

Ranbaxy also contends that many dependent claims are not infringed due to structural

differences as well.

#### B.     Validity and Enforceability

Ranbaxy contends that the claims of the '868 patent are invalid over the '208

patent, *inter alia*, for obviousness-type double patenting.  Further, Ranbaxy intends to pursue

defenses based on invalidity over prior art under 35 U.S.C. §§ 102 and/or 103. Ranbaxy also plans to raise defenses under 35 U.S.C. § 112, first paragraph (lack of written description and lack of enablement), second paragraph (claim indefiniteness) and fourth paragraph (failure to limit parent claim). Ranbaxy expects to assert various equitable defenses, including estoppel, waiver and prosecution laches.

### C.   Other Issues

Ranbaxy identifies other the issues in dispute with respect to the Merck patent as: whether Ranbaxy has infringed the '868 patent, whether Ranbaxy's alleged infringement of the '868 patent was willful, and whether the '868 patent is valid and enforceable.

Ranbaxy contends that because Ranbaxy's proposed imipenem/cilastatin products are not approved and there have been no sales, there are no disputes at this point concerning damages. However, Ranbaxy intends to launch its products if it receives FDA approval prior to the expiration of the '868 patent, so Ranbaxy contends that damages are likely to become an issue at some point.

### 4.   Narrowing of Issues.

**Merck's Position:**  Merck believes that dispositive or partially dispositive motions should be omitted because there is no jury and, moreover, Merck believes that such motions are not an effective way to resolve this case and would delay trial.

**Ranbaxy's Position:**  Ranbaxy believes that one or more of its claims regarding non-infringement, validity and/or unenforceability of the '868 patent may be amenable to disposition by summary judgment, rendering a trial on the merits unnecessary. However, the parties have not yet engaged in discovery and Ranbaxy has not fully developed its defense(s) to a point that allows identification of which defenses would likely be the subject of such motion.

The parties do not know of any issues that can be narrowed at this time. As the action progresses, Ranbaxy may request leave to file one or more motions for summary judgment that may dispose of this case and/or narrow the number of issues to be decided at trial.

5. **Relief.**

Merck seeks an order declaring that Ranbaxy's ANDA products infringe the '868 patent and preliminarily and permanently enjoining Ranbaxy from making, using selling or offering for sale its ANDA product in the United States, or importing its ANDA product into the United States. Merck also seeks an order declaring that the effective date of the approval of Ranbaxy's ANDA be a date not earlier than the present expiration date of the '868 patent. Merck further seeks an order declaring that this is an exceptional case and awarding attorneys' fees to Merck.

Ranbaxy seeks a denial of all relief sought by Merck; a judgment that the '868 patent is invalid, unenforceable and/or not infringed by Ranbaxy's proposed imipenem/cilastatin products; that Ranbaxy has a lawful right to seek and obtain FDA approval of its imipenem/cilastatin products, and that it has a right to import, manufacture, use, offer for sale and sell its proposed imipenem/cilastatin sodium products once approved by FDA; that Merck be enjoined from threatening or initiating further infringement litigation against Ranbaxy or any of its customers, dealers or suppliers, or any prospective sellers, dealers, distributors or customers of Ranbaxy, or charging any of them either orally or in writing with infringement of the '868 patent. Ranbaxy also seeks a judgment that the case be declared exceptional, and that costs pursuant to 35 U.S.C. § 284 and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 be awarded. As currently framed by the pleadings filed to date, and in view of the fact that there

have been no sales to date, it is Ranbaxy's position that Merck has not sustained any monetary damages as of this time.

**6.    Amendment of Pleadings.**

Neither party has filed any amendments to their initial pleadings. Although neither party believes, at the present time, that it will need to further amend their pleadings, each party reserves the right to do so within the time period set forth in any schedule entered by the Court.

**7.    Joinder of Parties.**

The parties are not aware of any additional parties that should be joined in this action at this time. The parties, however, reserve the right to move to join parties if appropriate within the time period set forth in the schedule entered by the Court.

**8.    Discovery.**

**Merck's Statement on Discovery:** The parties disagree about the amount of time for fact discovery. Merck proposes that the parties complete fact discovery by February 29, 2008. This is a reasonable time frame for this case, and will allow trial to be set in the September time frame Merck requests. Ranbaxy proposes that the parties take ten months for fact discovery, until July 31, 2008, pushing trial back to March, 2009.

Given the circumstances of this case noted in paragraph 12, Merck proposed to Ranbaxy in June, 2007, that the parties commence fact discovery by agreement, and advised that it would seek an early trial date, suggesting mid-2008. Merck sent Ranbaxy (unsigned) copies of its document requests and interrogatories and proposed that Ranbaxy agree with Merck to commence fact discovery, either on a broad basis, or on a limited basis if Ranbaxy preferred. Merck proposed that the parties start the case early and suggested filing a joint motion. Ranbaxy

agreed to join in a joint motion for an early scheduling conference. Nevertheless, Ranbaxy rejected Merck's offer to begin discovery in June. Ranbaxy's proposal now to extend fact discovery for ten months will needlessly postpone a decision on the merits in this case, something both parties have reason to seek expeditiously.

Fact discovery in this case can reasonably be completed within five months, or an even shorter time period. There is only one patent at issue and Ranbaxy has conceded that its ANDA product contains the compound cilastatin claimed in that patent.

With respect to Merck's claims in this case, Merck will need discovery relating to Ranbaxy's ANDA products and Merck's contention that Ranbaxy willfully infringed the '868 patent by filing its ANDA. Merck also anticipates that some discovery will be required relating to Ranbaxy's contentions on validity and enforceability of the '868 patent.

**Ranbaxy's Statement on Discovery:** Ranbaxy has proposed a case schedule that it believes is consistent with the Court's current scheduling practice, as set forth in Schedule A. Ranbaxy was prepared to have the Court address an early preliminary injunction request by Merck given the launch indication, including relevant discovery, which Merck declined. Ranbaxy has undertaken significant steps to collect relevant documentation and expects to make an initial production around the time ordered for initial disclosures. At present, Ranbaxy believes that the parties will require discovery on at least the following issues:

A.    the development, composition and properties of the accused products;

B.    the factual bases for each party's claims, affirmative defenses, and counterclaims, including any opinion of counsel upon which any party intends to rely;

C.    the conception, design, development, and reduction to practice of the claimed subject matter of the '868 patent, as well as related patents referenced in the '868 patent;

D.    potential prior art of the '868 patent;

E.    prosecution of the '868 patent, as well as prosecution of related patents referenced in the '868 patent;

F.    expert and third party discovery on the many of above-listed items; and

G.    upon launch of Ranbaxy's accused products, documents, testimony and expert opinion materials regarding damages and damage amounts.

**Limitations On Discovery.**

**Merck's Proposal:**  Merck proposes that the parties adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure, except as set forth below or as further ordered by the Court, including:

A limitation of interrogatories of 35.

A limitation of requests for admission of 25.

Depositions shall be subject to the limits of the Federal Rules of Civil Procedure, except that each party may take a total of 40 hours of Rule 30(b)(6) depositions.

**Ranbaxy's Proposal:**  Ranbaxy proposes that the parties adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure, including Requests for Admission, except as set forth below or as further ordered by the Court.  Merck has not identified any reason for limiting the number of Requests for Admission to 25, and no good cause exists for doing so especially given the number of defenses at issue and the likelihood of narrowing the issues for

trial through appropriate use of such Requests. Ranbaxy submits that the Court include the following proposals in its Order:

        **(a)**    **Interrogatories.** Ranbaxy proposes that each party may propound, in total, no more than 50 interrogatories to any other party (including subparts).

        **(b)**    **Close Of Discovery Timing.** Ranbaxy proposes that all written requests for discovery, including for example interrogatories or requests for admission, must be served so that the 30-day response time occurs before the end of fact discovery.

        **(c)**    **Fact Depositions.** At this stage of the case, Ranbaxy proposes that the limitations of depositions contained in Fed. R. Civ. P. 30(a)(2)(A) should be modified as follows: each side shall be permitted to take a maximum of 20 depositions of fact witnesses, exclusive of Rule 30(b)(6) depositions. Unless otherwise agreed to by the parties, the deposition of an individual non-30(b)(6) witness is limited to one day of seven (7) hours of actual examination, and no deposition of any witness shall exceed seven (7) hours of examination in a single day; *provided*, however, that: (A) a deposition of an individual inventor shall not exceed fourteen (14) hours over two days; and (B) there shall be no specific hour limit with respect to depositions conducted pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and such depositions may proceed for as many hours as reasonably necessary. Merck's proposal seeks to unnecessarily block Ranbaxy from discovery of facts supporting Ranbaxy's defenses and counterclaims.

        The parties may seek leave of the Court to increase the number of depositions available to one or both of the parties or to seek additional time with particular witnesses. The parties and their counsel agree to cooperate in the scheduling, conduct, and location of all depositions.

     **(d)**    **Expert Depositions.**  In view of the possibility of narrowing of issues, the parties agree to confer on the time limitations for expert depositions prior to the commencement of the period for expert depositions as set by the Court.  In the unlikely event that the parties cannot reach agreement, they may present this issue to the Court.

**9.**    **Estimated trial length.**

    **Merck's Position:**  Merck submits that the trial can be completed in five trial days, due to the limited number of issues to be resolved, and that bifurcation of issues for trial is not feasible or necessary in this case.

    **Ranbaxy's Position:**  Ranbaxy submits that this case will require a ten day trial. Infringement is contested, more than the usual number of substantive invalidity and unenforceability defenses appear to be viable at this stage, and damages are expected to become an issue.  Ranbaxy is amenable to future discussions as to whether certain issues should be bifurcated for separate trial, and as presently advised may attempt to resolve the case through the Court's summary judgment request procedure.

**10.**    **Jury trial.**

    Neither party demanded a jury trial in its pleadings.  Thus, the parties anticipate that there will be a bench trial in this case.

**11.**    **Settlement.**

    The parties have not discussed settlement as of this date.  Both parties are open to settlement discussions in the future, though the parties agree that it is too early at this stage to know the prospects for settlement in this case.  If the parties do enter into settlement discussions, referral to the Magistrate for mediation or other ADR mechanisms may be appropriate.

**12.    Other matters conducive to the just, speedy and inexpensive determination of this action.**

**Merck's Statement:**  Merck submits that a trial in September 2008 or earlier will contribute to a just, speedy and inexpensive determination in this case.  Such a trial date is particularly appropriate here due to the unique nature of this particular ANDA litigation and the fact that the '868 patent expires on September 15, 2009.

As the parties set forth in their Joint Motion For Early Scheduling Conference, this case differs from most ANDA litigations because PRIMAXIN® is a broad spectrum antibiotic which was considered for approval by the FDA before 1997.  In most ANDA litigation, the filing of the complaint automatically stays FDA approval for thirty months. 21 U.S.C. § 355(c)(3)(C).  The automatic thirty-month stay does not apply, however, when the ANDA is directed to an antibiotic which was considered for approval before November 1997, such as PRIMAXIN®.  21 U.S.C. § 355(j)(5)(B)(iii); *Allergan, Inc. v. Crawford*, 398 F.Supp. 2d 13, 17-18 (D.D.C. 2005).  Thus, here, the FDA can give final approval (not just tentative approval) for Ranbaxy to begin marketing its ANDA product when the FDA has completed its review of Ranbaxy's application, even if the litigation is still ongoing.

In view of these circumstances, Merck submits that the best way to ensure a just outcome in this case is to resolve this matter with a trial on the merits as soon as possible.

**Ranbaxy's Statement:**  Ranbaxy sees no basis for an expedited schedule in this case given the circumstances.  Should a launch of the accused products occur, for example, next spring, the product will be on the market and it will make little difference if trial occurs in fall 2008 or early 2009 (as Ranbaxy proposes).

The parties agree that a Protective Order will be required.  The parties will employ their best efforts to reach agreement on the terms of such a Protective Order by October 9, 2007.  Otherwise, the parties agree that the Protective Order described in Local Rule 26.2 shall govern this action.  The parties have begun discussions concerning electronic discovery procedures, and at present expect to be able to resolve them without the Court's intervention.

13.    **The parties hereby jointly state that they have met and conferred regarding each of the above matters.**

Should the Court have any questions regarding the information set forth in this Joint Status Report, counsel for both parties are prepared to provide such additional information as may be needed to address the Court's concerns.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Merck & Co., Inc.*

OF COUNSEL:

Raymond N. Nimrod
JENNER & BLOCK LLP
919 N. Third Avenue
37th Floor
New York, NY  10022-3908
212.891.1600

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Kelly E. Farnan*

_____
Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
One Rodney Square
920 North King Street
Wilmington, DE  19801
302.651.7700

*Attorneys for Ranbaxy Inc. and Ranbaxy Laboratories Limited*

OF COUNSEL:

Mark Boland
Michael Dzwonczyk
SUGHRUE MION PLLC
2100 Pennsylvania Ave., N.W.
Washington, D.C. 20037
202.293.7060

Aaron A. Barlow
Gregory D. Bonifield
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL  60611-7603
312.222.9350
Paul D. Matukaitis
Charles M. Caruso
MERCK & CO., INC.
One Merck Drive
Whitehouse Station, NJ 08889-0100

Edward W. Murray
MERCK & CO., INC.
126 E. Lincoln Avenue
Rahway, NJ 07065-0907

September 18, 2007

1236769

# TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MERCK & CO., INC.,                                )
                                                  )
    Plaintiff and Counterclaim Defendant,      )
                                                  )
          v.                              )        C.A. No. 07-229 (GMS)
                                                  )
RANBAXY INC., and RANBAXY                         )
LABORATORIES LIMITED,                             )
                                                  )
    Defendants and Counterclaim Plaintiffs.    )
                                                  )

## SCHEDULING ORDER [PATENT]

This _____ day of _____, 200__, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on September 19, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.    **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before *[Joint Proposal: October 17, 2007]*.

2.    **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before *[Merck Proposal: Merck submits that the date should be after three months of fact discovery and proposes January 4, 2008.] [Ranbaxy submits that the date should be towards the end of fact discovery and proposes June 16, 2008].*

3.    **Reliance Upon Advice of Counsel.** *[Merck Proposal: Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement **or***

***attorneys' fees*** *no later than January 11, 2008. If defendant elects to rely on advice of counsel as a defense to willful infringement **or attorneys' fees**, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than January 11, 2008.]* **[Ranbaxy Proposal:** *Again, Ranbaxy submits that these dates should be in the latter part of fact discovery and proposes June 16, 2008 for both.]*

4. ***Markman* Claim Construction Hearing.** A *Markman* claim construction hearing shall be held on _____ at _____ \_\_.m. **[Merck Proposal:** *Merck's proposes a Markman hearing during the week of January 14, 2008.]* **[Ranbaxy Proposal:** *Ranbaxy submits that some fact discovery should occur before Markman issues are addressed and proposes a hearing the week of April 27, 2008.]* The *Markman* hearing is scheduled for a total of \_\_\_ hours with each side having \_\_\_ hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before *[**Merck Proposal:** November 23, 2007]* *[**Ranbaxy Proposal:** March 3, 2008]*, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the Court a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this Court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on *[**Merck Proposal:** December 7, 2007]* *[**Ranbaxy Proposal:** March 21, 2008]*, and answering claim construction briefs on *[**Merck Proposal:** December 21, 2007]* *[**Ranbaxy Proposal:** April 7, 2008]*.

5. **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before *[**Merck Proposal:** Merck submits that five months is sufficient for fact*

*discovery given the issues in this litigation, particularly in light of Merck's offer to initiate*

*discovery 3 months ago] February 29, 2008]* **[Ranbaxy Proposal:** *July 31, 2008; Ranbaxy*

*submits that a more extensive fact discovery period should be granted to accommodate the need*

*for fact discovery on the numerous defenses and potential defenses outlined in the Joint Status*

*Report].* Expert Discovery in this case shall be initiated so that it will be completed on or before

**[Merck Proposal:** *May 30, 2008. The parties will exchange opening expert reports on issues on*

*which they bear the burden of proof on March 28, 2008. The parties will exchange rebuttal*

*expert reports on April 25, 2008.]* **[Ranbaxy Proposal**: *September 26, 2008. The parties will*

*exchange opening expert reports on issues on which they bear the burden of proof on August 11,*

*2008. The parties will exchange rebuttal expert reports on August 29, 2008.]*

        a.     **Discovery and Scheduling Matters:** Should counsel find they are unable

to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at

(302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the

teleconference, the parties shall file with the Court, via electronic means (CM/ECF), a **joint, non-**

**argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample

letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had

three (3) discovery teleconferences, they will be required to file a joint letter showing good cause

why the Court should permit a fourth discovery teleconference. Should the Court find further

briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party

seeking relief shall file with the court a **<u>TWO PAGE LETTER</u>**, exclusive of exhibits, describing

the issues in contention. The responding party shall file within five (5) days from the date of service

of the opening letter an answering letter of no more than **TWO PAGES.** The party seeking relief

may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      6.    <u>**Confidential Information and Papers filed under Seal.**</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

      **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

      7.    <u>**Settlement Conference.**</u>  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact United States Magistrate Judge Thynge to schedule a settlement conference with counsel and the clients.

      8.    <u>**Summary Judgment Motions.**</u>  *[**Merck's Proposal:** Merck proposes that Paragraph 8 should be omitted because there is no jury and, moreover, Merck believes that summary judgment motions are not an effective or appropriate way to resolve this case and would delay trial. If the Court is inclined to permit summary judgment motions, Merck proposes that the briefing be scheduled so as not to delay the trial.] [**Ranbaxy Proposal:** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed*

*with the Court no later than September 2, 2008. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than September 9, 2008. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before September 16, 2008. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on September 23, 2008 at 10:30 am.* **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8. Ranbaxy Proposal:** *If summary judgment motions are permitted, Ranbaxy submits that they should follow expert discovery and be filed on the following schedule: motions- October 24, 2008; oppositions- November 11, 2008; replies-November 21, 2008.]*

9.    <u>**Case Dispositive Motions.**</u> *[**Merck's Proposal:** Merck proposes that Paragraph 8 should be omitted because there is no jury and, moreover, Merck believes that case dispositive motions are not an effective or appropriate way to resolve the case and would delay trial. If the Court is inclined to permit case dispositive motions, Merck proposes that the briefing be scheduled so as not to delay the trial.]* *[**Ranbaxy Proposal:** To the extent the term "case dispositive motions" excludes summary judgment motions, Ranbaxy is not aware of any such potential motions at this time and does not believe that paragraph 9 is necessary.]* All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before _____. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10.    **Applications by Motion.** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12.    **Daubert Issues.** The Court will address Daubert issues at the Pretrial Conference.

13.    **Pretrial Conference.** On *[Merck Proposal: the week of September 1 or the week of September 8, 2008] [Ranbaxy Proposal: February 18, 2009]*, beginning at ___ __.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. *[Motions in limine: (Merck Proposal: Merck does not believe the bracketed section is necessary because there is no need for pre-trial motions* in limine *in a bench trial. If motions* in limine *are required, Merck proposes the following schedule: Motions- July 28, 2008; oppositions- August 4, 2008; replies- August 11, 2008.) (Ranbaxy Proposal: Ranbaxy does not yet know what, if any, motions* in limine *may be required but submits that a schedule accommodating them should be set: motions -January 6,*

*2006; oppositions- January 20, 2009; replies- January 23, 2009.)* No party shall file more than five (5) motions *in limine.* Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by *(Ranbaxy Proposal:. January 23, 2009.)* Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.] The parties shall file with the court the **joint** proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this court's website at www.ded.uscourts.gov on or before *[Merck Proposal: August 11 or 18, 2008] [Ranbaxy Proposal: February 6, 2009].*

14. <u>**Trial.**</u> This matter is scheduled for a *[Merck Proposal: 5 day bench trial]* beginning at 9:00 a.m. on *[September 22 or 29, 2008] [Ranbaxy Proposal: 10 day bench trial beginning on March 9, 2009].*

15. <u>**Scheduling.**</u> The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

1236814

TAB A

## SCHEDULE A

### JOINT PROPOSED CASE SCHEDULE

| EVENT | MERCK PROPOSED DATE | RANBAXY PROPOSED DATE |
|---|---|---|
| Initial disclosures (per Fed. R. Civ. P. 26(a)(1)) | October 17, 2007 | October 17, 2007 |
| Parties to file all motions to join other parties or amend pleadings | January 4, 2008 | June 16, 2008 |
| Submission of a Final Joint Claim Chart | November 23, 2007 | March 3, 2008 |
| Opening claim construction briefs of both parties | December 7, 2007 | March 21, 2008 |
| Responsive claim construction briefs | December 21, 2007 | April 7, 2008 |
| Proposed *Markman* hearing | Week of January 14, 2008 | Week of April 27, 2008 |
| Notice of reliance on advice of counsel as a defense to willful infringement, production of opinion(s) of counsel | January 11, 2008 | June 16, 2008 |
| Fact discovery cutoff – all discovery requests must be served so as to be completed by this date | February 29, 2008 | July 31, 2008 |
| Opening expert reports on issues for which a party bears the burden of proof | March 28, 2008 | August 11, 2008 |
| Letters to Court identifying potential summary judgment motions | | September 2, 2008 |
| Responsive expert reports | April 25, 2008 | August 29, 2008 |
| Last day for expert depositions | May 30 , 2008 | September 26, 2008 |
| Last day to file summary judgment motions (if permitted by Court) | | October 24, 2008 |

| Event | Merck Proposed Date | Ranbaxy Proposed Date |
|---|---|---|
| Last day to file oppositions on summary judgment motions | | November 11, 2008 |
| Last day to file reply briefs on summary judgment motions | | November 21, 2008 |
| Last day to file motions *in limine* | July 28, 2008 | January 6, 2009 |
| Last day to file oppositions on motions *in limine* | August 4, 2008 | January 20, 2009 |
| Last day to file reply briefs on motions *in limine* | August 11, 2008 | January 23, 2009 |
| Pretrial Order | August 11 or 18, 2008 | February 6, 2009 |
| Proposed Pretrial Conference | Weeks of September 1 or 8, 2008 | February 18, 2009 |
| Proposed trial date | 5-day trial beginning on September 22 or 29, 2008 | 10 day trial beginning on March 9, 2009 |

1236917