IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., ) | |
| ) | |
| Plaintiff and Counterclaim Defendant, ) | |
| ) | |
| v. ) | C.A. No. 07-229 (GMS) |
| ) | |
| RANBAXY INC., and RANBAXY ) | |
| LABORATORIES LIMITED, ) | |
| ) | |
| Defendants and Counterclaim Plaintiffs. ) | |
| ) | |

**STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

Plaintiff and Counterclaim-Defendant Merck & Co., Inc. ("Merck") and Defendants and Counterclaim-Plaintiffs Ranbaxy Inc. and Ranbaxy Laboratories Limited ("Ranbaxy") having so STIPULATED AND AGREED, IT IS HEREBY ORDERED that this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure shall govern all discovery in the above-captioned case:

1.      Either party, or any third party pursuant to paragraph 5 herein, may designate as "Confidential" any document, testimony, or other discovery material that contains a trade secret or other confidential technical or business information. "Confidential Material," as used herein, shall refer to any document, testimony or other discovery material designated "Confidential" and all copies thereof, and shall also refer to the information contained in such materials. No material shall be designated "Confidential" unless counsel of record believes in good faith that the designated material contains a trade secret or other confidential technical or business information. Information designated as confidential shall be marked or labeled with the words "Confidential."

2.  Either party, or any third party pursuant to paragraph 5 herein, may designate as "Attorneys' Eyes Only" any Confidential Material that contains information that the producing party deems especially sensitive. Such designation may be used for: (1) trade secrets; (2) research and development, manufacturing, operational or other highly sensitive scientific or technical information, such as highly sensitive technical information relating to research for and production of present and future products (including products presently undergoing FDA approval) or information in unpublished foreign or domestic pending or abandoned patent applications; and (3) highly sensitive business related information, such as customer, supplier, financial, sales or marketing information, business strategy, business leads, costs of products purchased, sales prices of products sold, margins, profits or losses generated from sales of goods. "Attorneys' Eyes Only Material," as used herein, shall refer to any document, testimony or other discovery material designated "Attorneys' Eyes Only," and all copies thereof, and shall also refer to the information contained in such materials. No material shall be designated "Attorneys' Eyes Only" unless counsel of record believes in good faith that the designated material is confidential material that meets the criteria defined in this paragraph. Information designated as "Attorneys' Eyes Only" shall be marked or labeled with the words "Attorneys' Eyes Only."

3.  Confidential Material may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to:

   a.  on behalf of Merck: outside counsel from the law firms of Jenner & Block, LLP, and Morris, Nichols, Arsht & Tunnell LLP and their support staff; and on behalf of Ranbaxy: outside counsel from the law firms of Sughrue Mion PLLC and Richards, Layton & Finger, P.A., and their support staff; wherein each of said outside counsel and support staff submits that he or she is not prosecuting, and for a period of one year following the conclusion of

this litigation (including any appeals), will not prosecute patent applications for the respective party relating to imipenem or cilastatin as active ingredients or, as formulations, or regarding a process of manufacturing imipenem or cilastatin;

   b. experts or consultants and their staff necessary to assist counsel described in subparagraph 3a above in this action, subject to and conditioned upon compliance with paragraph 6 of this Order;

   c. at depositions, to the producing party's employees;

   d. three (3) officers or employees of each party with the need to have access to Confidential Materials in order to assist in the preparation of this action; on behalf of Merck: Patrick N. Bergstedt, Margie G. McGlynn, and Milton L. Hammond; and on behalf of Ranbaxy: Venkatchalam Krishnan, Joseph Todisco, and Vijaya Raghahavan, subject to and conditioned upon compliance with paragraph 7 of this Order;

   e. on behalf of Merck:  three (3) in-house counsel, Paul Matukaitis, Edward Murray and Charles Caruso, and support staff; and on behalf of Ranbaxy:  Sarika Singh and two (2) in-house counsel, Jay Deshmukh and George Heibel, and support staff, subject to and conditioned upon compliance with paragraph 6 of this Order; wherein each of said Merck and Ranbaxy in-house counsel and Sarika Singh submits that he or she is not prosecuting, and for a period of one year following the conclusion of this litigation (including any appeals), will not prosecute patent applications for the respective party relating to imipenem or cilastatin as active ingredients or, as formulations, or regarding a process of manufacturing imipenem or cilastatin;

   f. the Court and Court personnel, pursuant to paragraph 13 of this Order;

   g. court reporters employed in connection with this action;

    h. graphics or design services retained by counsel described in subparagraph 3.a above for purposes of preparing demonstratives or other exhibits for depositions, hearings or trial in this action;

    i. litigation consulting services, including individuals involved in conducting or preparing for mock proceedings in preparation for trial, retained by counsel described in subparagraph 3.a above; and

    j. any other persons as are agreed to by written stipulation of the parties hereto, or by further order of the Court.

  4. Attorneys' Eyes Only Material may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the persons identified in subparagraphs 3.a-3.c, 3(e)-3.j above.

  5. Information produced by third parties, including, but not limited to, documents or deposition testimony, may be designated "Confidential" or "Attorneys' Eyes Only" under the terms of this Order. Such information will be treated as if it had been produced by a party to this action.

  6. Persons identified in subparagraph 3.b or (e) above may be given access to a producing party's Confidential Material or Attorneys' Eyes Only Material provided that they first confirm their understanding and agreement to abide by the terms of this Order by completing and signing a copy of Exhibit A attached hereto and providing a copy to counsel for the other parties. Before disclosing a producing party's Confidential Material or Attorneys' Eyes Only Material to any person listed in subparagraph 3.b, the receiving party shall give written notice to counsel for the producing party identifying the person, his or her address, his or her present employer, and provide a curriculum vitae and a copy of Exhibit A attached hereto signed

by that person. The producing party shall have 5 business days after receiving notification within which to object to the proposed disclosure. If the parties are unable to resolve the objection, the producing party must invoke the Court's procedures for resolving discovery disputes to prevent the disclosure to the person in question. The producing party must contact the Court within 5 business days of giving notification of the objection. The burden of demonstrating good cause for the requested relief shall lie with the producing party. A failure to object or invoke the Court's procedures for resolving discovery disputes within the requisite time limits shall be deemed a waiver of the objection. Upon a timely objection and motion, no disclosure may be made to the person in question until the objection is resolved either by order of the Court or by agreement of the parties in writing.

      7.    Persons of the receiving party identified in subparagraph 3(d) above may be given access to a producing party's Confidential Material provided that they first confirm their understanding and agreement to abide by the terms of this Order by completing and signing a copy of Exhibit B attached hereto and providing a copy to counsel for the other parties.

      8.    Any third party witness may be examined as a witness concerning any Confidential Material or Attorneys' Eyes Only Material to which that person has or had lawful access apart from this action. When Confidential Material or Attorneys' Eyes Only Material is disclosed in a deposition pursuant to this paragraph, the party making such disclosure shall inform the witness on the record that the use of such information is subject to the terms of this Order. The witness must sign the statement in the form of Exhibit A attached hereto, or the witness shall agree on the record to be bound by the terms of this Order including Exhibit A. If the witness refuses both options, the deposition may cease, and the parties may agree to continue

the deposition on mutually agreeable terms or invoke the Court's procedures for resolving discovery disputes.

      9.      Nothing in this Order shall be construed as establishing that Confidential Material or Attorneys' Eyes Only Material is in fact entitled to treatment as trade secret or other confidential research, development, commercial, financial or strategic planning information. Confidential Material or Attorneys' Eyes Only Material however, shall be treated in accordance with the provisions hereof, except that either party may at any time seek an order from the Court determining that specified information or categories of information are not entitled to protection under this Order because the information or categories of information:

      a.      were, are or become published or public knowledge, without fault of the receiving party and not in violation of this Order;

      b.      are lawfully acquired by the receiving party from a third party source who obtained the information lawfully and under no obligation of confidentiality to the producing party;

      c.      were lawfully received by the receiving party from a source other than the producing party prior to entry by the Court of this Order;

      d.      were independently developed by the receiving party without resort to information or material produced by the producing party, or

      e.      is not entitled to protection for any other reason the Court deems just;

      f.      but only after a good faith attempt is made to reach agreement with the producing party that such information or categories of information are not entitled to protection. The receiving party bears the burden of proving that the information or categories of information are not entitled to protection under this Order.

10. Confidential Material or Attorneys' Eyes Only Material shall be so designated by placing or affixing thereto a notice as described in paragraphs 1 and 2. Any "Confidential" or "Attorneys' Eyes Only" designation that is inadvertently omitted or designated incorrectly may be corrected at any time by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "Confidential" or "Attorneys' Eyes Only," as may be appropriate, and such materials shall be fully subject to this Order as if they had been initially so designated. Documents bearing a "Confidential" or similar notice by virtue of their having been so designated by the producing party in another litigation or proceeding shall be deemed to be effectively designated as "Confidential" for purposes of this action unless the notice is redacted or stricken by the producing party. Documents bearing an "Attorneys' Eyes Only" or similar notice by virtue of their having been so designated by the producing party in another litigation or proceeding shall be deemed to be effectively designated as "Attorneys' Eyes Only" for purposes of this action unless the notice is redacted or stricken by the producing party. Pages or entire transcripts of testimony given at a deposition or hearing may be designated as containing "Confidential" or "Attorneys' Eyes Only" information by an appropriate statement at the time of the giving of such testimony or within sixty (60) days after receipt of the transcript by the designating party. All transcripts shall be treated as "Attorneys' Eyes Only" until sixty (60) days after such receipt.

11. Confidential Material and Attorneys' Eyes Only Material shall be used solely for purposes of the dispute between the parties of this action, shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed to any person who is not a qualified recipient under Paragraph 3 of this Order. All Confidential Material and Attorneys' Eyes Only Material shall be carefully maintained so as to preclude access by persons

who are not such qualified recipients. This paragraph shall not apply to information that has been determined by the Court not to qualify for protection hereunder.

12. Within sixty (60) days after the final conclusion of this action, including any appeals, all Confidential Material and Attorneys' Eyes Only Material produced by any party or any third party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed. Counsel of record may retain file copies of documents admitted into evidence or filed with the Court, transcripts, discovery requests and responses, expert reports and any attorney work product prepared in connection with this action. This Order shall continue in effect after the conclusion of this action.

13. Where a document, deposition transcript or other tangible thing to be produced contains portions which have been designated "Confidential" or "Attorneys' Eyes Only", such Confidential or Attorneys' Eyes Only Material shall be deleted or redacted therefrom before disclosing such Material to any person not permitted to view it under this Order.

14. If Confidential or Attorneys' Eyes Only Material is to be made of record in this action, it shall he submitted to the Court under seal in accordance with Local Rules 5.1.3 and 5.2, Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware..

15. Offering or submitting any pleadings or other papers disclosing or containing Confidential Material and Attorneys' Eyes Only Material to the Court shall not waive the "Confidential" or "Attorneys' Eyes Only" status of any such information. Such Confidential Material shall not be disclosed by the Court except to persons identified in paragraph 3 above,

and such Attorneys' Eyes Only Material information shall not be disclosed by the Court except to persons identified in paragraph 4 above.

16. To facilitate discovery, the parties may make documents available for inspection by counsel for the receiving party, and the parties acknowledge that, regardless of the producing party's diligence, such documents may inadvertently include documents subject to the attorney-client privilege, work product immunity, or both. Neither the inadvertent production or inspection or receipt of documents and things by the producing party nor the inspection of such documents and things by the receiving party shall be claimed as a waiver of the attorney-client privilege or work product immunity.

17. After inspection, the producing party may withhold documents subject to the attorney-client privilege and work product immunity provided proper identification is made on the producing party's list of such documents, and the inspecting party shall not refer to or rely on the contents of such inspected but withheld documents for any reason.

18. The parties hereto acknowledge that, regardless of the producing party's diligence, an inadvertent production of privileged or attorney work product documents may occur. If a party through inadvertence produces or provides discovery that it believes is subject to a claim or attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the producing party. The receiving party shall return to the disclosing party such document or thing, without retaining copies and the receiving party shall not refer to or rely on the contents of such inadvertently produced documents for any reason. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or

thing is, in fact, property subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from seeking an order from the Court that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

19. In the event additional parties join or are joined in this action, they shall not have access to Confidential Material and Attorneys' Eyes Only Material until the newly joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order or an alternative protective order which is satisfactory to all parties and the Court.

20. It is the present intention of the parties that the provisions of this Order shall govern the use of Confidential Material and Attorneys' Eyes Only Material in all aspects of this litigation, including discovery, the trial, any other hearings or proceedings and any documents filed with the Court. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Order by application to the Court on notice to the other parties hereto for good cause.

21. If any party is subpoenaed or subject to any other demand or legal process seeking Confidential Material and Attorneys' Eyes Only Material (other than its own Confidential Material and Attorneys' Eyes Only Material), that receiving party shall give prompt actual written notice, by hand or facsimile transmission, to the party that produced such information within ten (10) business days of receipt of such subpoena, demand, or legal process, and shall object to its production to the extent permitted by law. Should the person seeking access to Confidential Material and Attorneys' Eyes Only Material take action against a receiving party or anyone else covered by this Order to enforce such a subpoena, demand, or other legal process,

that party shall first respond by setting forth the existence of this Order and shall give prompt written notice to the producing party of such action by hand or facsimile transmission within ten (10) business days of receipt of notice of any such action. If no action is taken by the producing party within ten (10) business days following the notice of legal process or notice of action by the person seeking access, whichever is later, to prevent compliance with such legal process, the receiving party may thereafter comply with such legal process as required by law. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of confidential information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

22.     By signing below, the parties agree as between themselves to be immediately and mutually bound by all of the obligations and restrictions applicable to them as set forth herein, until such time as this particular Order is entered or superseded by the Court, or any reviewing court, in its present form. The entry of this Order shall not preclude any party from requesting revision thereof from the Court for good cause shown.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| */s/ James W. Parrett, Jr. (#4292)* | */s/ Kelly E. Farnan (#4395)* |
| Mary B. Graham (#2256)<br>James W. Parrett, Jr. (#4292)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>302.658.9200 | Frederick L. Cottrell, III (#2555)<br>Kelly E. Farnan (#4395)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>302.651.7700 |

| | |
|---|---|
| OF COUNSEL: | OF COUNSEL: |
| Raymond N. Nimrod<br>JENNER & BLOCK LLP<br>919 N. Third Avenue<br>37th Floor<br>New York, NY  10022-3908<br>212.891.1600 | Mark Boland<br>Michael Dzwonczyk<br>SUGHRUE MION PLLC<br>2100 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037<br>202.293.7060 |
| Aaron A. Barlow<br>Gregory D. Bonifield<br>JENNER & BLOCK LLP<br>330 N. Wabash Avenue<br>Chicago, IL  60611-7603<br>312.222.9350 | *Attorneys for Ranbaxy Inc. and Ranbaxy Laboratories Limited* |

Paul D. Matukaitis
Charles M. Caruso
MERCK & CO., INC.
One Merck Drive
Whitehouse Station, NJ 08889-0100

Edward W. Murray
MERCK & CO., INC.
126 E. Lincoln Avenue
Rahway, NJ 07065-0907

*Attorneys for Merck & Co., Inc.*

Dated:  October 11, 2007
1262321

    SO ORDERED this ___ day of _____, 2007.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**EXHIBIT A**

**<u>ACKNOWLEDGEMENT</u>**

The undersigned hereby acknowledges that:

(1)   he/she has read the STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION, which was entered by the Court on _____ in *Merck & Co., Inc. vs. Ranbaxy Inc. and Ranbaxy Laboratories Limited*, Case No. 07-229 (GMS);

(2)   he/she is one of the persons contemplated in paragraphs 3(b) and 3(e) thereof as being given access to the information designated "Confidential" and "Attorneys' Eyes Only" by one of the parties; and

(3)   he/she fully understands and agrees to abide by the obligations and conditions thereunder.


Date: _____          _____
                                       Signature


                                       _____
                                       Title or Position

EXHIBIT B

Case 1:07-cv-00229-GMS   Document 25-3   Filed 10/11/2007   Page 1 of 2

**EXHIBIT B**

**<u>ACKNOWLEDGEMENT</u>**

The undersigned hereby acknowledges that:

(1) he/she has read the STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION, which was entered by the Court on _____ in *Merck & Co., Inc. vs. Ranbaxy Inc. and Ranbaxy Laboratories Limited*, Case No. 07-229 (GMS);

(2) he/she is one of the persons contemplated in paragraph 3(d) thereof as being given access to the information designated "Confidential" by one of the parties; and

(3) he/she fully understands and agrees to abide by the obligations and conditions thereunder.

Date: _____    _____
                                       Signature

                                       _____
                                       Title or Position