IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-229 (GMS) |
| ) | |
| RANBAXY INC., and RANBAXY ) | |
| LABORATORIES LIMITED, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER CONSTRUING THE TERMS OF U.S. PATENT NO. 5,147,868

On February 7, 2008, the court held a *Markman* hearing in this patent infringement action concerning U.S. Patent No. 5,147,868 (the "'868 patent" or the "patent-in-suit"). After having considered the submissions of the parties and hearing oral argument on the matter, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, as used in the asserted claims of the '868 patent:

1. The term "witho" is construed to mean "with."[1]

2. The term "A compound" is construed to have its plain and ordinary meaning.[2]

3. The structural formula in claim 1 of the patent-in-suit is construed to have its plain and ordinary meaning.[3]

---

[1] The parties stipulate to this construction, which corrects a typographical error. (D.I. 33.)

[2] The court rejects Ranbaxy's argument that the specification of the '868 patent clearly disclaims the use of the claimed dipeptidase inhibitor in combination with a thienamycin-type compound. (D.I. 36 at 14-18.) It is true that the patent claims only the inhibitor, and not the combination product itself. '868 patent at 08:46-47 ("The combination product is not part of this invention . . . ."). But this is not a clear disclaimer of the *use* of the patented inhibitor in such a combination product. Indeed, the specification recites the combination product as a preferred use of the claimed inhibitor. '868 patent at 08:51-09:25; *SanDisk Corp. v. Memorex Prods.*, 415 F.3d 1278, 1285 (Fed. Cir. 2005) (citing *Vitronics v. Conceptronic*, 90 F.3d 1576, 1584 (Fed. Cir. 1996) (claim construction excluding a preferred embodiment is rarely, if ever, correct).

4. The term "pharmaceutically acceptable cation" is construed to mean "any pharmaceutically acceptable cation useful in the salt form of the claimed pharmaceutical compound."[4]

5. The term "$R^1$ is hydrogen or a pharmaceutically acceptable cation" is construed to have its plain and ordinary meaning.[5]

6. The term "X" is construed to have its plain and ordinary meaning.[6]

7. The term "Y" is construed to have its plain and ordinary meaning.[7]

8. The term "trialkylammonium, quaternary hydroxyalkyldialkylammonium, phosphonylalkylamino, hydroxyalkylamino, alkylamidino, N,N-dialkyguanidino, alkylcarbonyloxy, alkoxycarbonyl, N,N-dialkylcarbamoyl" is construed to have its plain and ordinary meaning.[8]

9. The term "2,2-dimethylcyclopropyl" is construed to have its plain and ordinary meaning.[9]

10. The structural formula of claim 9 is construed to have its plain and ordinary meaning.[10]

---

[3] Merck does not contest Ranbaxy's position that this structural formula includes racemates, mixtures, isomers, and enantiomers. (Feb. 2, 2008, Hg. Tr.("Hg. Tr.") 60:03-63:12.) But the structural formula itself does not require construction. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (internal citations omitted) ("In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words.")

[4] The parties agree to this construction. (D.I. 61, Ex. A; Hg. Tr. 65:09-12.)

[5] *See* footnote 3.

[6] *See* footnote 3.

[7] *See* footnote 3.

[8] *See* footnote 3.

[9] *See* footnote 3.

[10] *See* footnote 3

11. The term "$R^1$ is hydrogen, loweralkyl of 1-6 carbon atoms, dialkylaminoalkyl, or a pharmaceutically acceptable cation" is construed to have its plain and ordinary meaning.[11]

12. The term "7-(L-2-amino-2-carboxyethylthio)-2-(2,2-dimethylcyclopropanecarboxamido)-2-heptenoic acid" is construed to mean "the free acid, ester, and salt forms of 7-(L-2-amino-2-carboxyethylthio)-2-(2,2-dimethylcyclopropanecarboxamido)-2-heptenoic acid."[12]

13. The term "the sodium, potassium calcium, or magnesium salt form" is construed to have its plain and ordinary meaning.[13]

14. The term "$R^2$" is construed to have its plain and ordinary meaning.[14]

Dated: February 29, 2008        /s/ Gregory M. Sleet
                                CHIEF, UNITED STATES DISTRICT JUDGE

---

[11] *See* footnote 3.

[12] Claims are construed in light of the specification, of which they are a part. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) *aff'd*, 517 U.S. 370 (1996). Here, the specification uses the term "acid" broadly to include both free acids and salts. *E.g.*, '868 patent at 34:11-13 (reciting as an example of the invention "*Sodium* 7-(L-2-amino-2-carboxyethylthio)-2-(2,2-dimethylcyclopropanecarboxamido)-2-heptenoic *acid*") (emphasis added); *id.* at 37:59-62 (reciting the "acid sodium salt" form of certain compounds); *see also id.* at 05:11-19 (describing compounds, including this disputed term, as "free acids" when $R^1$ is H); *cf. Merck & Co. v. Teva Pharms. USA Inc.*, 347 F.3d 1367, 1369-72 (Fed. Cir. 2003) (upholding construction of the term "acid" to include salt forms of that acid based on the term's use in the specification); *but see Pfizer v. Ranbaxy*, 457 F.3d 1284, 1291 (Fed. Cir. 2006) (construing the term "atorvastin acid" to exclude the corresponding salts where the independent claim at issue recited three distinct forms of the claimed compound: the acid, the lactone, and the salts thereof).

[13] *See* footnote 3.

[14] *See* footnote 3.