IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MERCK & CO., Inc. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| RANBAXY INC. and RANBAXY LABORATORIES LIMITED, | ) ) ) ) | |
| Defendants. | ) ) ) | C.A. No. 07-229 (GMS) |
| RANBAXY INC. and RANBAXY LABORATORIES LIMITED, | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MERCK & CO., Inc. | ) ) ) | |
| Counterclaim Defendant. | ) ) | |

## CONCESSION WITH RESPECT TO INJUNCTIVE RELIEF FACTORS

WHEREAS, Ranbaxy Inc. and Ranbaxy Laboratories (hereinafter collectively "Ranbaxy") have conceded that their proposed ANDA products infringe asserted claims of the '868 patent (D.I. 66), under this Court's claim construction order (D.I. 65).;

WHEREAS, Ranbaxy maintains that the asserted claims of the '868 patent are invalid for lack of novelty under 35 U.S.C. §102, for obviousness under 35 U.S.C. §103, for lack of written description under §112, first paragraph; for indefiniteness under 35 U.S.C. §112,

second paragraph, and for obviousness-type double patenting;

WHEREAS, Ranbaxy maintains that the '868 patent is unenforceable for inequitable conduct and for prosecution laches;

WHEREAS, Ranbaxy seeks to defend the present action based solely on the grounds of invalidity and unenforceability set forth above; and

WHEREAS, Ranbaxy seeks to limit the issues requiring trial by the Court, and to avoid discovery on issues that are no longer relevant in light of Ranbaxy's concessions, which would result in a needless waste of the resources of the Court and the parties.

IN VIEW OF THE FOREGOING, Ranbaxy states that it will defend any motion for preliminary injunctive relief based only on Merck's failure to establish a likelihood of success on the merits with respect to validity and enforceability of the '868 patent;

Ranbaxy hereby concedes that if the Court finds that Ranbaxy fails to raise a substantial question with regard to the validity or enforceability of the '868 patent, Ranbaxy will not oppose entry of a preliminary injunction on the basis of Merck's failure to establish irreparable harm, a balance of hardships tipping in Merck's favor, or the injunction's impact on the public interest; and

Ranbaxy further concedes that if the Court finds that Ranbaxy fails to carry its burden at trial of proving the invalidity or unenforceability of the '868 patent, Ranbaxy will not oppose entry of a permanent injunction after judgment, but reserves its right to appeal any judgment.

In light of the foregoing, Ranbaxy respectfully requests that the Court enter the attached Order.

OF COUNSEL:

Mark Boland
Kenneth J. Burchfiel
Michael Dzwonczyk
Chid S. Iyer
Renita S. Rathinam
Chandran B. Iyer
Sughrue Mion PLLC
2100 Pennsylvania Ave., N.W.
Washington, D.C. 20037
(202) 293-7060

Dated: April 9, 2008

/s/ F. L. Cottrell, III
Frederick L. Cottrell III (#2555)
Cottrell @rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE 19899

Attorneys for Defendant/Counterclaimant
*Ranbaxy Laboratories Limited and Ranbaxy Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY and E-MAIL:**

Mary B. Graham
James W. Parrett, Jr.
Morris, Nichols, Arsht & Tunnell
LLP 1201 North Market Street
Wilmington, DE 19899

I hereby certify that on April 9, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**E-MAIL**

Raymond N. Nimrod
Jenner & Block LLP
919 N. Third Avenue
37th Floor
New York, NY 10022-3908

Aaron A. Barlow
Gregory D. Bonifield
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

Frederick L. Cottrell, III (#2555)

RLF1-3270940-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MERCK & CO., Inc., <br><br> Plaintiff, <br><br> v. <br><br> RANBAXY INC. and RANBAXY LABORATORIES LIMITED, <br><br> Defendants. <br><br><br> RANBAXY INC. and RANBAXY LABORATORIES LIMITED, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> MERCK & CO., Inc., <br><br> Counterclaim Defendant. | C.A. No. 07-229 (GMS) |

### [PROPOSED] ORDER

WHEREAS the Court, having considered the Concession With Respect To Injunctive Relief Factors filed by Defendants Ranbaxy Inc. and Ranbaxy Laboratories,

IT IS HEREBY ORDERED this ___ day of April, 2008 that:

(a)  Ranbaxy Inc. and Ranbaxy Laboratories (hereinafter collectively "Ranbaxy")have conceded that their proposed ANDA products infringe asserted claims of the

RLF1-3270942-1

'868 patent (D.I. 66), under this Court's claim construction order (D.I. 65);

  (b) Ranbaxy maintains that the asserted claims of the '868 patent are invalid for lack of novelty under 35 U.S.C. §102, for obviousness under 35 U.S.C. §103, for lack of written description under §112, first paragraph; for indefiniteness under 35 U.S.C. §112, second paragraph, and for obviousness-type double patenting;

  (c) Ranbaxy maintains that the '868 patent is unenforceable for inequitable conduct and for prosecution laches;

  (d) Ranbaxy seeks to defend the present action based solely on the grounds of invalidity and unenforceability set forth above;

  (e) Ranbaxy seeks to limit the issues requiring trial by the Court, and to avoid discovery on issues that are no longer relevant in light of Ranbaxy's concessions, which would result in a needless waste of the resources of the Court and the parties;

  (f) Ranbaxy states that it will defend any motion for preliminary injunctive relief based only on Merck's failure to establish a likelihood of success on the merits with respect to validity and enforceability of the '868 patent;

  (g) Ranbaxy concedes that if the Court finds that Ranbaxy fails to raise a substantial question with regard to the validity or enforceability of the '868 patent, Ranbaxy will not oppose entry of a preliminary injunction on the basis of Merck's failure to establish irreparable harm, a balance of hardships tipping in Merck's favor, or the injunction's impact on the public interest; and

  (h) Ranbaxy further concedes that if the Court finds that Ranbaxy fails to carry its burden at trial of proving the invalidity or unenforceability of the '868 patent, Ranbaxy will

not oppose entry of a permanent injunction after judgment, but reserves the right to appeal any judgment.

---

Honorable Gregory M. Sleet
Chief Judge, United States District Court