IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., ) | |
| ) | |
| Plaintiff and Counterclaim Defendant, ) | |
| ) | |
| v. ) | C.A. No. 07-229 (GMS) |
| ) | |
| RANBAXY INC., and RANBAXY ) | |
| LABORATORIES LIMITED, ) | |
| ) | |
| Defendants and Counterclaim Plaintiffs. ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiff Merck & Co., Inc. has issued the attached subpoena for documents and testimony (Tab 1), and has served the subpoena by service on counsel for the deponent on May 12, 2008, the law firm of Sughrue Mion PLLC, which agreed to accept service.

| Tab | Person | Date of Production |
|---|---|---|
| 1 | Joseph M. Reisman, Ph.D. | May 16, 2008 |

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

---

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200
mgraham@mnat.com
jparrett@mnat.com

*Attorneys Merck & Co., Inc.*

OF COUNSEL:

Raymond N. Nimrod
Gregory D. Bonifield
JENNER & BLOCK LLP
919 N. Third Avenue
37th Floor
New York, NY  10022-3908
212.891.1600

- 2 -

Aaron A. Barlow
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
312.222.9350

Paul D. Matukaitis
Charles M. Caruso
MERCK & CO., INC.
One Merck Drive
Whitehouse Station, NJ 08889-0100

Edward W. Murray
MERCK & CO., INC.
126 E. Lincoln Avenue
Rahway, NJ 07065-0907


 Dated: May 5, 2008
2317339

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Frederick L. Cottrell, III, Esquire
> RICHARDS, LAYTON & FINGER, P.A.
>
> Kelly E. Farnan, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 12, 2008 upon the following individuals in the manner indicated:

| **BY EMAIL AND HAND DELIVERY** | **BY EMAIL** |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Kelly E. Farnan, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br><br>**cottrell@rlf.com**<br>**farnan@rlf.com** | Mark Boland, Esquire<br>SUGHRUE MION PLLC<br>**mboland@sughrue.com**<br><br>Michael R. Dzwonczyk, Esquire<br>SUGHRUE MION PLLC<br>**mdzwonczyk@sughrue.com**<br><br>Chid S. Iyer, Esquire<br>SUGHRUE MION PLLC<br>**ciyer@sughrue.com** |

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett, Jr. (#4292)

TAB 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Merck & Co., Inc.

                  **Plaintiff**

V.

Ranbaxy, Inc., and Ranbaxy Laboratories Limited

                  **Defendant.**

**SUBPOENA IN A CIVIL CASE**

Case Number: 1:07-CV-229
District of Delaware

TO: Joseph M. Reisman, Ph.D.
Knobbe Martens Olson & Bear LLP
550 West C Street, Suite 1200
San Diego, CA 92101

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Veritext, LLC<br>3090 Bristol Suite #100<br>Costa Mesa, CA 92626 | Wednesday, May 28, 2008<br>at 9:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Documents and things identified in the attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Veritext, LLC<br>3090 Bristol Suite #100<br>Costa Mesa, CA 92626 | Friday, May 16, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*    Attorney for Plaintiff<br>Merck & Co., Inc. | DATE<br>5/6/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James W. Parrett, Jr., Esq
MORRIS NICHOLS ARSHT & TUNNELL, LLP
1201 North Market Street
Wilmington, DE 19801
302-658-9200

See Rule 45, Federal Rules of Civil Procedure, Parts (c), (d), and (e), on next page)

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified condition.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitation of Rule 16(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, any party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

2316975

# **SCHEDULE A**

## **DEFINITIONS**

1. "Ranbaxy" includes both defendant Ranbaxy Inc. and defendant Ranbaxy Laboratories Limited severally, and also includes each of their respective officers, directors, representatives, employees, agents, partners, corporate parents, subsidiaries, affiliates, predecessors and successors.

2. "ANDA" means Abbreviated New Drug Application.

3. "Ranbaxy's ANDAs" means the ANDAs that Ranbaxy has filed covering its injectable products containing imipenem and cilastatin.

4. "Ranbaxy's ANDA products" means the pharmaceutical composition products that are the subject of any of Ranbaxy's three ANDAs relating to injectable products containing imipenem and cilastatin, including any component contained in or used with the ANDA products, such as imipenem, cilastatin, any inactive ingredients, diluents, packaging, and materials used to administer the ANDA products to patients.

5. "Cilastatin" includes cilastatin in any form, including its salt forms, whether as a raw material, active ingredient, formulated in any way, including into an administratable dosage form, or in any other form.

**Document Topics**

1. All documents relating to U.S. Patent No. 5,147,868 ("'868 patent") or any application in the chain of applications leading to the '868 patent, including U.S. Application Serial Nos. 05/927,212; 06/050,233; 06/188,178; 06/465,577; 06/748,300; 06/878,391; 07/244,527; 07/641,317; and 07/839,725; and further including any foreign patents or applications corresponding to those applications.

2. All documents relating to U.S. Patent Nos. 4,539,208 ("'208 patent"), 4,616,038 ("'038 patent"), 4,880,793 ('793 patent"), or 5,071,843 ("'843 patent"), or any application in the chains of applications leading to the '208, '038, '793, or '843 patents, including U.S. Application Serial Nos. 05/927,213; 06/050,232; 06/178,929; 06/291,711; 06/340,152; 06/747,750; 06/394,311; 06/840,532; 06/880,339; 07/384,845; 07/471,678; and 07/681,486; and further including any foreign patents or applications corresponding to those applications.

3. All documents comprising or relating to any document or thing evaluated, reviewed, or collected as possible prior art to the '868 patent.

4. All documents relating to Merck's Primaxin® product or any other Merck product containing cilastatin.

5. All documents relating to Ranbaxy's ANDA products.

6. All documents relating to the letter from Joseph M. Reisman, Ph.D. to Jay R. Deshmukh dated April 6, 2004 ("April 6, 2004 Letter"), including any drafts of said letter and any correspondence; memoranda; presentations; analyses; charts; tables; case law; U.S. patents, patent applications, or prosecution histories; articles; foreign patents and applications; actual or possible prior art; and any other documents used, reviewed, considered, or created in connection with the April 6, 2004 Letter or in connection with the preparation of the April 6, 2004 letter.

7. All documents relating to the January 22, 2007 letter ("January 22, 2007 Letter") from Jay Deshmukh of Ranbaxy to Paul Matukaitis at Merck concerning the '868 patent, including any drafts of said letter and any correspondence; memoranda; presentations; analyses; charts; tables; case law; U.S. patents, patent applications, or prosecution histories; articles; foreign patents and applications; actual or possible prior art; and any other documents used, reviewed, considered, or created in connection with the January 22, 2007 Letter or in connection with the preparation of the January 22, 2007 letter.

8. All documents comprising or relating to any correspondence or communication between Joseph M. Reisman, Ph.D., or anyone at Knobbe Martens Olson & Bear and anyone at Ranbaxy concerning the '868 patent or any product containing or patent related to cilastatin.

9. All documents related to any awareness by Joseph M. Reisman, Ph.D., anyone at Ranbaxy, or anyone at Knobbe Martens Olson & Bear that U.S. Application Ser. No. 06/188,178 (the "'178 application") was omitted from the chain of applications listed in the Related Application Data on the cover page of the '868 patent or in the first paragraph of the specification of the '868 patent as originally issued or the circumstances surrounding such an omission.

10. All documents relating to any assessment by Ranbaxy or anyone at Knobbe Martens Olson & Bear of the nature, consequences, or correctability of any omission of U.S. Application Ser. No. 06/188,178 (the "'178 application") from the chain of applications listed in the Related Application Data on the cover page of the '868 patent or in the first paragraph of the specification of the '868 patent as originally issued, including any reliance by Ranbaxy on such an omission.

11. All documents, including any memoranda or opinions, that Dr. Joseph Reisman was aware of or in possession of on or before January 22, 2007, relating to any actual,

contemplated or hypothetical correction of an issued patent, whether by certificate of correction, reissue, court order, or other means, including but not limited to any correction concerning the related application data or other priority information in a patent.