IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO. INC. <br> Plaintiff, <br><br> v. <br><br> RANBAXY INC. AND RANBAXY LABORATORIES LIMITED, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C. A. No. 07-229-GMS <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF SUBPOENA

TO:

Mary B. Graham
James W. Parrett, Jr.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

Raymond N. Nimrod
Jenner & Block LLP
919 N. Third Avenue
37th Floor
New York, NY 10022-3908

Aaron A. Barlow
Gregory D. Bonifield
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

PLEASE TAKE NOTICE that on May 15, 2008, pursuant to Fed. R. Civ. P. 45, the attached subpoena was caused to be served on Gerald H. Bjorge, Esquire, Novak Drue & Quigg LLP, 1300 Eye Street, NW, 100 West Tower, Washington, DC 20005.

OF COUNSEL:
Mark Boland
Kenneth J. Burchfiel
Michael R. Dzwonczyk
Renita Rathinam
Chandran B. Iyer
Sughrue Mion PLLC
2100 Pennsylvania Ave., N.W. - Suite 800
Washington, D.C. 20037
(202) 293-7060

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, 920 N. King Street
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant/Counterclaimant Ranbaxy Laboratories Limited and Ranbaxy Inc.*

Dated: May 15, 2008

RLF1-3283829-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY**

Mary B. Graham
James W. Parrett, Jr.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on May 15, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**FEDERAL EXPRESS**

Raymond N. Nimrod
Jenner & Block LLP
919 N. Third Avenue
37th Floor
New York, NY 10022-3908

Aaron A. Barlow
Gregory D. Bonifield
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

_____
Frederick L. Cottrell, III (#2555)

RLF1-3283830-1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

MERCK & CO., INC., Plaintiff

V.

RANBAXY INC., and
RANBAXY LABORATORIES LIMITED, Defendant

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: C.A. No. 07-229 (GMS)
Venued in the U.S. District Court
for the District OF Delaware

TO: Gerald H. Bjorge, Esq.
Novak Druce + Quigg LLP
1300 Eye Street, NW
1000 West Tower
Washington, D.C. 20005

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE**

| PLACE | DATE AND TIME |
|---|---|
| Sughrue Mion, PLLC<br>2100 Pennsylvania Avenue, NW<br>Washington, D.C. 20037 | May 23, 2008 at<br>10:00 AM. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]                              Counsel for Defendants. | 5/15/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Chandran B. Iyer, Esq., Sughrue Mion, PLLC, 2100 Pennsylvania Ave, N.W., Washington, D.C. 20037, (202) 293-7060

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
If action is pending in district other than district of issuance, state district under case number

AO 88 (rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee
  (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3) (A) On timely motion, the court by which the subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transact business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand
  (2) when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE

### I. Definitions

Notwithstanding any definition set forth below, each word, term, or phrase used in this subpoena and the attached schedules is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this subpoena and the attached schedules, the following terms are to be interpreted in accordance with these definitions:

1. The term "Deponent" means Gerald H. Bjorge and his representatives, agents, employees and attorneys.

2. "Document" and "Documents" shall have the broadest meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure and mean any writing of any kind, including originals and all non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise). The terms "Document" and "Document(s)" shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely, notes, letters, correspondence, communications, e-mails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, HDL, verilog, or other computer code, illustrations, product descriptions, product analyses, requests for proposals, documents related to proposed or actual product improvements or changes,

- 2 -

users manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video image, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports, or investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, and all other material fixed in a tangible medium of whatever kind known to you or in your possession, custody, or control.

3.    The term "Merck" means Merck & Co., Inc., the plaintiff and counterclaim defendant in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

## II. Document Requests

1. All documents considered or relied upon by the Deponent in forming his opinion(s) in this case and/or utilized by the Deponent in his review of this matter, including, but not limited to, all statements, articles, reports, journals, and other written materials.

2. All documents concerning any patent or other reference considered by the Deponent in this case (regardless of whether the Deponent considered the reference to be prior art and regardless of whether the Deponent ultimately relied on the reference), including documents that are specifically identified in the Deponent's expert report and/or supplemental expert report(s).

3. All documents provided to the Deponent by any person, including counsel for Merck, which pertain to or refer to the facts involved in this action.

4. All publications, book chapters, presentations, published abstracts, lectures, seminars, and any other materials authored by the Deponent that relate or refer to the subject matter(s) on which the Deponent is providing an expert opinion in this lawsuit.

5. All documents reflecting, referring or relating to the time spent by the Deponent or anyone assisting the Deponent on this case, including any time reports, invoices and bills submitted to Merck or Jenner & Block LLP.

6. All documents reflecting, referring or relating to any relationship that existed between the Deponent and Merck or Jenner & Block LLP. prior to retention as an expert witness in this lawsuit.

7. A copy of all expert reports submitted by the Deponent from 2000-present, including the report submitted in *Chiron Corp. v. Genentech, Inc.*, Case No. Civ. S-00-

1052 WBS GGH (E.D. Cal. 2002) and *Ondeo Nalco Company v. Eka Chemicals, Inc.*, Civ. No. 01-537-SLR (D. Del. 2003).

8. A copy of all transcripts from any deposition, hearing or trial testimony given by the Deponent from 2000-present, including any testimony provided in *Chiron Corp. v. Genentech, Inc.*, Case No. Civ. S-00-1052 WBS GGH (E.D. Cal. 2002) and *Ondeo Nalco Company v. Eka Chemicals, Inc.*, Civ. No. 01-537-SLR (D. Del. 2003).

9. A copy of all expert reports submitted by the Deponent and transcripts of any deposition, hearing or trial testimony given by the Deponent from any case where the Deponent has been stricken or disqualified as an expert.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., | ) |
| Plaintiff and Counterclaim Defendant, | ) ) ) |
| v. | ) ) C.A. No. 07-229 (GMS) |
| RANBAXY INC., and RANBAXY LABORATORIES LIMITED, | ) ) ) ) |
| Defendants and Counterclaim Plaintiffs. | ) ) |

### STIPULATED PROTECTIVE ORDER
### REGARDING CONFIDENTIAL INFORMATION

Plaintiff and Counterclaim-Defendant Merck & Co., Inc. ("Merck") and Defendants and Counterclaim-Plaintiffs Ranbaxy Inc. and Ranbaxy Laboratories Limited ("Ranbaxy") having so STIPULATED AND AGREED, IT IS HEREBY ORDERED that this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure shall govern all discovery in the above-captioned case:

1.  Either party, or any third party pursuant to paragraph 5 herein, may designate as "Confidential" any document, testimony, or other discovery material that contains a trade secret or other confidential technical or business information. "Confidential Material," as used herein, shall refer to any document, testimony or other discovery material designated "Confidential" and all copies thereof, and shall also refer to the information contained in such materials. No material shall be designated "Confidential" unless counsel of record believes in good faith that the designated material contains a trade secret or other confidential technical or business information. Information designated as confidential shall be marked or labeled with the words "Confidential."

1

2. Either party, or any third party pursuant to paragraph 5 herein, may designate as "Attorneys' Eyes Only" any Confidential Material that contains information that the producing party deems especially sensitive. Such designation may be used for: (1) trade secrets; (2) research and development, manufacturing, operational or other highly sensitive scientific or technical information, such as highly sensitive technical information relating to research for and production of present and future products (including products presently undergoing FDA approval) or information in unpublished foreign or domestic pending or abandoned patent applications; and (3) highly sensitive business related information, such as customer, supplier, financial, sales or marketing information, business strategy, business leads, costs of products purchased, sales prices of products sold, margins, profits or losses generated from sales of goods. "Attorneys' Eyes Only Material," as used herein, shall refer to any document, testimony or other discovery material designated "Attorneys' Eyes Only," and all copies thereof, and shall also refer to the information contained in such materials. No material shall be designated "Attorneys' Eyes Only" unless counsel of record believes in good faith that the designated material is confidential material that meets the criteria defined in this paragraph. Information designated as "Attorneys' Eyes Only" shall be marked or labeled with the words "Attorneys' Eyes Only."

3. Confidential Material may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to:

   a. on behalf of Merck: outside counsel from the law firms of Jenner & Block, LLP, and Morris, Nichols, Arsht & Tunnell LLP and their support staff; and on behalf of Ranbaxy: outside counsel from the law firms of Sughrue Mion PLLC and Richards, Layton & Finger, P.A., and their support staff; wherein each of said outside counsel and support staff submits that he or she is not prosecuting, and for a period of one year following the conclusion of

this litigation (including any appeals), will not prosecute patent applications for the respective party relating to imipenem or cilastatin as active ingredients or, as formulations, or regarding a process of manufacturing imipenem or cilastatin;

    b.    experts or consultants and their staff necessary to assist counsel described in subparagraph 3a above in this action, subject to and conditioned upon compliance with paragraph 6 of this Order;

    c.    at depositions, to the producing party's employees;

    d.    three (3) officers or employees of each party with the need to have access to Confidential Materials in order to assist in the preparation of this action; on behalf of Merck: Patrick N. Bergstedt, Margie G. McGlynn, and Milton L. Hammond; and on behalf of Ranbaxy: Venkatchalam Krishnan, Joseph Todisco, and Vijaya Raghahavan, subject to and conditioned upon compliance with paragraph 7 of this Order;

    e.    on behalf of Merck: three (3) in-house counsel, Paul Matukaitis, Edward Murray and Charles Caruso, and support staff; and on behalf of Ranbaxy: Sarika Singh and two (2) in-house counsel, Jay Deshmukh and George Heibel, and support staff, subject to and conditioned upon compliance with paragraph 6 of this Order; wherein each of said Merck and Ranbaxy in-house counsel and Sarika Singh submits that he or she is not prosecuting, and for a period of one year following the conclusion of this litigation (including any appeals), will not prosecute patent applications for the respective party relating to imipenem or cilastatin as active ingredients or, as formulations, or regarding a process of manufacturing imipenem or cilastatin;

    f.    the Court and Court personnel, pursuant to paragraph 13 of this Order;

    g.    court reporters employed in connection with this action;

      h.    graphics or design services retained by counsel described in subparagraph 3.a above for purposes of preparing demonstratives or other exhibits for depositions, hearings or trial in this action;

      i.    litigation consulting services, including individuals involved in conducting or preparing for mock proceedings in preparation for trial, retained by counsel described in subparagraph 3.a above; and

      j.    any other persons as are agreed to by written stipulation of the parties hereto, or by further order of the Court.

4.    Attorneys' Eyes Only Material may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the persons identified in subparagraphs 3.a-3.c, 3(e)-3.j above.

5.    Information produced by third parties, including, but not limited to, documents or deposition testimony, may be designated "Confidential" or "Attorneys' Eyes Only" under the terms of this Order. Such information will be treated as if it had been produced by a party to this action.

6.    Persons identified in subparagraph 3.b or (e) above may be given access to a producing party's Confidential Material or Attorneys' Eyes Only Material provided that they first confirm their understanding and agreement to abide by the terms of this Order by completing and signing a copy of Exhibit A attached hereto and providing a copy to counsel for the other parties. Before disclosing a producing party's Confidential Material or Attorneys' Eyes Only Material to any person listed in subparagraph 3.b, the receiving party shall give written notice to counsel for the producing party identifying the person, his or her address, his or her present employer, and provide a curriculum vitae and a copy of Exhibit A attached hereto signed

by that person. The producing party shall have 5 business days after receiving notification within which to object to the proposed disclosure. If the parties are unable to resolve the objection, the producing party must invoke the Court's procedures for resolving discovery disputes to prevent the disclosure to the person in question. The producing party must contact the Court within 5 business days of giving notification of the objection. The burden of demonstrating good cause for the requested relief shall lie with the producing party. A failure to object or invoke the Court's procedures for resolving discovery disputes within the requisite time limits shall be deemed a waiver of the objection. Upon a timely objection and motion, no disclosure may be made to the person in question until the objection is resolved either by order of the Court or by agreement of the parties in writing.

7. Persons of the receiving party identified in subparagraph 3(d) above may be given access to a producing party's Confidential Material provided that they first confirm their understanding and agreement to abide by the terms of this Order by completing and signing a copy of Exhibit B attached hereto and providing a copy to counsel for the other parties.

8. Any third party witness may be examined as a witness concerning any Confidential Material or Attorneys' Eyes Only Material to which that person has or had lawful access apart from this action. When Confidential Material or Attorneys' Eyes Only Material is disclosed in a deposition pursuant to this paragraph, the party making such disclosure shall inform the witness on the record that the use of such information is subject to the terms of this Order. The witness must sign the statement in the form of Exhibit A attached hereto, or the witness shall agree on the record to be bound by the terms of this Order including Exhibit A. If the witness refuses both options, the deposition may cease, and the parties may agree to continue

the deposition on mutually agreeable terms or invoke the Court's procedures for resolving discovery disputes.

9. Nothing in this Order shall be construed as establishing that Confidential Material or Attorneys' Eyes Only Material is in fact entitled to treatment as trade secret or other confidential research, development, commercial, financial or strategic planning information. Confidential Material or Attorneys' Eyes Only Material however, shall be treated in accordance with the provisions hereof, except that either party may at any time seek an order from the Court determining that specified information or categories of information are not entitled to protection under this Order because the information or categories of information:

    a. were, are or become published or public knowledge, without fault of the receiving party and not in violation of this Order;

    b. are lawfully acquired by the receiving party from a third party source who obtained the information lawfully and under no obligation of confidentiality to the producing party;

    c. were lawfully received by the receiving party from a source other than the producing party prior to entry by the Court of this Order;

    d. were independently developed by the receiving party without resort to information or material produced by the producing party, or

    e. is not entitled to protection for any other reason the Court deems just;

    f. but only after a good faith attempt is made to reach agreement with the producing party that such information or categories of information are not entitled to protection. The receiving party bears the burden of proving that the information or categories of information are not entitled to protection under this Order.

10. Confidential Material or Attorneys' Eyes Only Material shall be so designated by placing or affixing thereto a notice as described in paragraphs 1 and 2. Any "Confidential" or "Attorneys' Eyes Only" designation that is inadvertently omitted or designated incorrectly may be corrected at any time by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "Confidential" or "Attorneys' Eyes Only," as may be appropriate, and such materials shall be fully subject to this Order as if they had been initially so designated. Documents bearing a "Confidential" or similar notice by virtue of their having been so designated by the producing party in another litigation or proceeding shall be deemed to be effectively designated as "Confidential" for purposes of this action unless the notice is redacted or stricken by the producing party. Documents bearing an "Attorneys' Eyes Only" or similar notice by virtue of their having been so designated by the producing party in another litigation or proceeding shall be deemed to be effectively designated as "Attorneys' Eyes Only" for purposes of this action unless the notice is redacted or stricken by the producing party. Pages or entire transcripts of testimony given at a deposition or hearing may be designated as containing "Confidential" or "Attorneys' Eyes Only" information by an appropriate statement at the time of the giving of such testimony or within sixty (60) days after receipt of the transcript by the designating party. All transcripts shall be treated as "Attorneys' Eyes Only" until sixty (60) days after such receipt.

11. Confidential Material and Attorneys' Eyes Only Material shall be used solely for purposes of the dispute between the parties of this action, shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed to any person who is not a qualified recipient under Paragraph 3 of this Order. All Confidential Material and Attorneys' Eyes Only Material shall be carefully maintained so as to preclude access by persons

who are not such qualified recipients. This paragraph shall not apply to information that has been determined by the Court not to qualify for protection hereunder.

12. Within sixty (60) days after the final conclusion of this action, including any appeals, all Confidential Material and Attorneys' Eyes Only Material produced by any party or any third party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed. Counsel of record may retain file copies of documents admitted into evidence or filed with the Court, transcripts, discovery requests and responses, expert reports and any attorney work product prepared in connection with this action. This Order shall continue in effect after the conclusion of this action.

13. Where a document, deposition transcript or other tangible thing to be produced contains portions which have been designated "Confidential" or "Attorneys' Eyes Only", such Confidential or Attorneys' Eyes Only Material shall be deleted or redacted therefrom before disclosing such Material to any person not permitted to view it under this Order.

14. If Confidential or Attorneys' Eyes Only Material is to be made of record in this action, it shall he submitted to the Court under seal in accordance with Local Rules 5.1.3 and 5.2, Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

15. Offering or submitting any pleadings or other papers disclosing or containing Confidential Material and Attorneys' Eyes Only Material to the Court shall not waive the "Confidential" or "Attorneys' Eyes Only" status of any such information. Such Confidential Material shall not be disclosed by the Court except to persons identified in paragraph 3 above,

and such Attorneys' Eyes Only Material information shall not be disclosed by the Court except to persons identified in paragraph 4 above.

16. To facilitate discovery, the parties may make documents available for inspection by counsel for the receiving party, and the parties acknowledge that, regardless of the producing party's diligence, such documents may inadvertently include documents subject to the attorney-client privilege, work product immunity, or both. Neither the inadvertent production or inspection or receipt of documents and things by the producing party nor the inspection of such documents and things by the receiving party shall be claimed as a waiver of the attorney-client privilege or work product immunity.

17. After inspection, the producing party may withhold documents subject to the attorney-client privilege and work product immunity provided proper identification is made on the producing party's list of such documents, and the inspecting party shall not refer to or rely on the contents of such inspected but withheld documents for any reason.

18. The parties hereto acknowledge that, regardless of the producing party's diligence, an inadvertent production of privileged or attorney work product documents may occur. If a party through inadvertence produces or provides discovery that it believes is subject to a claim or attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the producing party. The receiving party shall return to the disclosing party such document or thing, without retaining copies and the receiving party shall not refer to or rely on the contents of such inadvertently produced documents for any reason. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or

thing is, in fact, property subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from seeking an order from the Court that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

19. In the event additional parties join or are joined in this action, they shall not have access to Confidential Material and Attorneys' Eyes Only Material until the newly joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order or an alternative protective order which is satisfactory to all parties and the Court.

20. It is the present intention of the parties that the provisions of this Order shall govern the use of Confidential Material and Attorneys' Eyes Only Material in all aspects of this litigation, including discovery, the trial, any other hearings or proceedings and any documents filed with the Court. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Order by application to the Court on notice to the other parties hereto for good cause.

21. If any party is subpoenaed or subject to any other demand or legal process seeking Confidential Material and Attorneys' Eyes Only Material (other than its own Confidential Material and Attorneys' Eyes Only Material), that receiving party shall give prompt actual written notice, by hand or facsimile transmission, to the party that produced such information within ten (10) business days of receipt of such subpoena, demand, or legal process, and shall object to its production to the extent permitted by law. Should the person seeking access to Confidential Material and Attorneys' Eyes Only Material take action against a receiving party or anyone else covered by this Order to enforce such a subpoena, demand, or other legal process,

that party shall first respond by setting forth the existence of this Order and shall give prompt written notice to the producing party of such action by hand or facsimile transmission within ten (10) business days of receipt of notice of any such action. If no action is taken by the producing party within ten (10) business days following the notice of legal process or notice of action by the person seeking access, whichever is later, to prevent compliance with such legal process, the receiving party may thereafter comply with such legal process as required by law. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of confidential information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

22. By signing below, the parties agree as between themselves to be immediately and mutually bound by all of the obligations and restrictions applicable to them as set forth herein, until such time as this particular Order is entered or superseded by the Court, or any reviewing court, in its present form. The entry of this Order shall not preclude any party from requesting revision thereof from the Court for good cause shown.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| */s/ James W. Parrett, Jr. (#4292)* | */s/ Kelly E. Farnan (#4395)* |
| Mary B. Graham (#2256)<br>James W. Parrett, Jr. (#4292)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>302.658.9200 | Frederick L. Cottrell, III (#2555)<br>Kelly E. Farnan (#4395)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>302.651.7700 |

OF COUNSEL:

Raymond N. Nimrod
JENNER & BLOCK LLP
919 N. Third Avenue
37th Floor
New York, NY  10022-3908
212.891.1600

Aaron A. Barlow
Gregory D. Bonifield
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL  60611-7603
312.222.9350

Paul D. Matukaitis
Charles M. Caruso
MERCK & CO., INC.
One Merck Drive
Whitehouse Station, NJ 08889-0100

Edward W. Murray
MERCK & CO., INC.
126 E. Lincoln Avenue
Rahway, NJ 07065-0907

*Attorneys for Merck & Co., Inc.*

Dated:  October 11, 2007
1262321

OF COUNSEL:

Mark Boland
Michael Dzwonczyk
SUGHRUE MION PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
202.293.7060

*Attorneys for Ranbaxy Inc. and
Ranbaxy Laboratories Limited*

SO ORDERED this ___ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE