IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MERCK & CO., INC., ) | |
| ) | |
| Plaintiff and ) | |
| Counterclaim Defendant, ) | C.A. No. 07-229 (GMS) |
| ) | |
| v. ) | |
| ) | |
| RANBAXY INC., and RANBAXY ) | |
| LABORATORIES LIMITED, ) | |
| ) | |
| Defendants and ) | |
| Counterclaim Plaintiffs. ) | |

## NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)

PLEASE TAKE NOTICE that on June 11, 2008 at 9:00 a.m., at the offices of Sughrue Mion, PLLC, 2100 Pennsylvania Avenue, N.W., Washington, D.C. 20037, or at such time and place as the parties shall agree, Defendants and Counterclaim Plaintiffs Ranbaxy Inc. and Ranbaxy Laboratories Limited (collectively "Ranbaxy"), by their attorneys, will take the deposition upon oral examination of Plaintiff and Counterclaim Defendant Merck & Co., Inc. ("Merck") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The deposition will be recorded by stenographic, videographic, and/or audiographic means. The deposition will continue from day to day until the examination is complete. You are invited to attend and participate as provided in the Federal Rules of Civil Procedure.

Ranbaxy requests examination of Merck on the topics identified in Schedule B attached hereto, in light of the instructions and definitions in Schedule A. Merck is directed to designate one or more officers, directors, managing agents, or other persons who will testify on its behalf,

who are most knowledgeable regarding the topics identified in Schedule B. Merck is requested, at least one (1) week prior to the deposition, to provide a written designation of the names and positions of the officers, directors, managing agents, or other persons designated to testify concerning the matters identified in Schedule B and, for each person, identify the matters on which he or she will testify.

|  |  |
|---|---|
| OF COUNSEL:<br>Mark Boland<br>Kenneth J. Burchfiel<br>Michael R. Dzwonczyk<br>Renita Rathinam<br>Chandran B. Iyer<br>Sughrue Mion PLLC<br>2100 Pennsylvania Ave., N.W. - Suite 800<br>Washington, D.C. 20037<br>(202) 293-7060 | /s/ Frederick L. Cottrell, III<br>Frederick L. Cottrell, III (#2555)<br>Cottrell @rlf.com<br>Kelly E. Farnan (#4395)<br>Farnan@rlf.com<br>Richards, Layton & Finger<br>One Rodney Square, 920 N. King Street<br>Wilmington, DE 19899<br>(302) 651-7700<br>Attorneys for Defendant/Counterclaimant<br>*Ranbaxy Laboratories Limited and Ranbaxy Inc.* |

Dated: May 15, 2008

2

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY**

Mary B. Graham
James W. Parrett, Jr.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on May 15, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**FEDERAL EXPRESS**

Raymond N. Nimrod
Jenner & Block LLP
919 N. Third Avenue
37th Floor
New York, NY 10022-3908

Aaron A. Barlow
Gregory D. Bonifield
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)

RLF1-3283830-1

## SCHEDULE A

### Definitions and Instructions

Notwithstanding any definition set forth below, each word, term, or phrase used in the instant Notice of Deposition is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in the instant Notice of Deposition, the following terms are to be interpreted in accordance with these definitions:

1. The terms "Ranbaxy" or "Defendant" collectively means Ranbaxy Inc. and Ranbaxy Laboratories Limited, the defendants in this action.

2. The term "Merck," "Plaintiff," "you" and/or "your" means Merck & Co., Inc., the plaintiff in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

3. The term "concerning" means relating to, referring to, describing, evidencing, constituting, identifying, mentioning, discussing or analyzing.

4. The term "PTO" means the United States Patent and Trademark Office.

5. The term "Complaint" as used herein means the Complaint for Patent Infringement filed by Merck in the United States District Court, District of Delaware on April 30, 2007 and assigned case number 07-229.

6. The term "Answer" as used herein means the Answer And Counterclaims of Defendants filed by Ranbaxy in the United States District Court, District of Delaware on June 21, 2007 in case number 07-229.

3

7. The term "the '868 Patent" means U.S. Patent No. 5,147,868, entitled "Thienamycin Renal Peptidase Inhibitors" and issued on September 15, 1992.

8. The term "the '212 Application Family" means and includes any patent application that is pending, has been abandoned, or been issued as a patent, and that claims benefit or priority from any one of the following applications:

   a. U.S. Patent Application No. 05/927,212, filed July 24, 1978;

   b. U.S. Patent Application No. 06/050,233, filed June 22, 1979;

   c. U.S. Patent Application No. 06/188,178, filed September 17, 1980;

   d. U.S. Patent Application No. 06/465,577, filed February 10, 1983;

   e. U.S. Patent Application No. 06/748,300, filed June 24, 1985;

   f. U.S. Patent Application No. 06/878,391, filed June 19, 1986;

   g. U.S. Patent Application No. 06/465,577, filed February 10, 1983;

   h. U.S. Patent Application No. 06/748,300, filed June 24, 1985;

   i. U.S. Patent Application No. 06/878,391, filed June 19, 1986;

   j. U.S. Patent Application No. 07/244,527, filed September 9, 1988;

   k. U.S. Patent Application No. 07/641,317, filed January 14, 1991; and

   l. U.S. Patent Application No. 07/839,725, filed February 19, 1992.

9. The term "the '208 Patent" means U.S. Patent No. 4,539,208, entitled "Combination of Thienamycin-type Antibiotics with Dipeptidase Inhibitors" and issued on September 3, 1985.

10. The term "the '038 Patent" means U.S. Patent No. 4,616,038, entitled "Combination of Thienamycin-type Antibiotics with Dipeptidase Inhibitors" and issued on

October 7, 1986.

11. The term "the '213 Application Family" means and includes any patent application that is pending, has been abandoned, or been issued as a patent, and that claims benefit or priority from any one of the following applications:

    a. U.S. Patent Application No. 05/927,213, filed July 24, 1978;

    b. U.S. Patent Application No. 06/050,232, filed June 22, 1979;

    c. U.S. Patent Application No. 06/187,929, filed September 17, 1980;

    d. U.S. Patent Application No. 06/291,711, filed August 10, 1981;

    e. U.S. Patent Application No. 06/340,152, filed January 18, 1982;

    f. U.S. Patent Application No. 06/394,311, filed July 7, 1982;

    g. U.S. Patent Application No. 06/605,343, filed April 30, 1984;

    h. U.S. Patent Application No. 06/747,750, filed January 24, 1985;

    i. U.S. Patent Application No. 06/840,532, filed March 14, 1986;

    j. U.S. Patent Application No. 06/880,339, filed June 25, 1986;

    k. U.S. Patent Application No. 07/384,845, filed July 24, 1989;

    l. U.S. Patent Application No. 07/471,678, filed January 25, 1990; and

    m. U.S. Patent Application No. 07/681,486, filed April 3, 1991.

12. The term "renal peptidase inhibitor" means the compound or compounds disclosed in the '868 Patent that inhibit a renal dipeptidase, including cilastatin sodium and cilastatin.

13. The term "renal dipeptidase" means the enzyme disclosed in the '868 Patent, that catalyzes the inactivation of thienamycin by hydrolysis, including renal dipeptidase

(E.C.3.4.13.11) or dehydropeptidase-I.

14. The term "cilastatin" includes cilastatin in any form, including its salt forms, whether as a raw material active ingredient, formulated in any way, including into an administrable dosage form, or in any other form.

15. The term "cilastatin sodium" means the compound present in Primaxin® that is represented by the formula

[Chemical structure diagram of cilastatin sodium showing: a cyclopropane ring with two CH₃ groups and H₃C substituent, connected via C=O to NH, linked through a chain with S, =CH, and terminal groups COOH, H, NH₂, and COONa]

16. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include each of the other genders.

## SCHEDULE B

### Deposition Topics

1. The prosecution of each patent application in the '212 Application Family, including decisions made during prosecution and strategies for prosecuting the applications.

2. The prosecution of each patent application in the '213 Application Family, including decisions made during prosecution and strategies for prosecuting the applications.

3. The dates of patenting and/or publication of each Merck patent application anywhere in the world before February 10, 1983 allegedly claiming or covering a renal dipeptidase inhibitor, including cilastatin, or a combination of the renal dipeptidase inhibitor and another compound, or uses of any such compounds in methods or compositions.

4. The publication dates of all worldwide patents or patent applications claiming or covering a renal dipeptidase inhibitor that claim priority from or benefit of any application in the '212 Application Family or the '213 Application Family.

5. Inventorship of the '868 patent, the '208 patent, and the '038 patent.

6. The factual bases for Merck's contention that Ranbaxy willfully infringes the '868 patent.

7. The factual bases for Merck's contention that this case is an exceptional one and that Merck should be granted an award of its reasonable attorneys' fees under 35 U.S.C. §285.

8. The factual bases for Merck's contentions that the asserted claims of the '868 patent are not invalid in view of Ranbaxy's invalidity contentions.

9. The Interscience Conference on Antimicrobial Agents and Chemotherapy (ICAAC) held on September 22-24, 1980 in New Orleans, Louisiana, including any

presentations made or posters or information displayed by or on behalf of Merck or any of its employees.

10.   ICAAC held on November 4-6, 1981 in Chicago, Illinois, including any presentations made or posters or information displayed by or on behalf of Merck or any of its employees that relate to a renal dipeptidase inhibitor, including cilastatin.

11.   The 12th International Congress of Chemotherapy held in Florence, Italy on July 19-24, 1981, including any presentations made or posters or information displayed by or on behalf of Merck or any of its employees that relate to a renal dipeptidase inhibitor, including cilastatin.

12.   Merck's decision to file this lawsuit in view of the grounds of invalidity pointed out in Ranbaxy's January 22, 2007 letter to Merck (*See* RAN18885-18913).

13.   Merck's decision to seek a Certificate of Correction for the '868 patent after filing this lawsuit.

8